**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | FILED ELECTRONICALLY |
| v. | CRIMINAL NOS.: 2:16-CR-00016 |
| | 2:09-CR-00275 |
| ALFONSO EVANS | 2:13-CR-00094 |
| | 2:15-CR-00006 |

**DEFENDANT'S SENTENCING MEMORANDUM**

AND NOW, comes Defendant, Alfonso Evans, by and through his counsel, Robert R. Leight, Esquire, and files the within Sentencing Memorandum to assist the Court in determining a fair and just sentence. As set forth below, it is respectfully requested that the Court sentence Mr. Evans to the low end of the Sentencing guideline range. This request is based upon the underlying facts of the case, the provisions of the U.S. Sentencing Guidelines ("U.S.S.G."), the "totality of the circumstances of this case," and the characteristics of the defendant.

## I.    PRELIMINARY STATEMENT

As this Court is aware, on January 29, 2016, Mr. Evans entered a plea of guilty to a One (1) count criminal information charging him with a violation of 18 U.S.C. §1956(a)(1)(B)(i). In doing so, he waived his right to a jury trial and greatly curtailed his rights on appeal. Mr. Evans did so because he accepts the wrongfulness and seriousness of his conduct and understands the need to pay a price for such an offense.

In additional to the pending sentencing at 2:16-CR-00016, Mr. Evans is also in court to be sentenced on three pending Supervised Release Violations at 2:09-CR-00275, 2:13-CR-00094 and at 2:15-CR-00006.

This memorandum does not seek to excuse the conduct underlying Mr. Evans' guilty plea and violations of the terms of his Supervised Release.  Mr. Evans understands that he violated the law and that these are serious offenses.  To the contrary, the purpose of this memorandum is to provide the "totality of the circumstances" surrounding Mr. Evans and his plea agreement to enable the Court to determine a fair and just sentences.  Mr. Evans respectfully request that this court consider a sentence of time served, which is approximately 30 months.

## II.    MR. EVANS' PERSONAL BACKGROUND

On February 18, 1990, Mr. Evans was born in Pittsburgh, Pennsylvania to Alfonso Evans and Rochelle Bennett.  His childhood was spent in the neighborhoods of Arlington and the Hill District, which he characterized as crime, violence and drug-ridden neighborhoods (PSR 43). He is an only child and his mother has been extremely supportive of him throughout his life.  He and his mother have an especially close relationship.  His mother has indicated that she will continue to support him upon his release from custody.

Mr. Evans has never been married but has four (4) children with a former longtime girlfriend, Erica Jackson.   When not incarcerated, Mr. Evans has maintained a positive relationship with his children.

Although Mr. Evans has a rather lengthy criminal record, all of his prior offenses have been non-violent and have not been related to any type of narcotics distribution.  His offenses are related to credit card fraud, identity theft and escapes from non-custodial confinements.

## III.    THE SENTENCING GUIDELINES

### A.    The Court's sentencing discretion

In 2005, the Supreme Court confirmed that the trial court has substantial discretion when imposing a sentence.  United States v. Booker, 543 U.S. 220, 233 (U.S. 2005).  Specifically, the

Supreme Court stated that it has "never doubted the authority of a judge to exercise broad

discretion in imposing a sentence within a statutory range." Id. The Supreme Court explained

that this discretion includes utilizing all available and relevant information when arriving at its

sentence determination, as the law provides that:

> [N]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence.

Id. at 251 (citing 18 U.S.C. §3661). The Supreme Court further held the sentencing guidelines

are not mandatory but rather merely one factor to be considered at sentencing. Id. at 264.

As provided by statute, this Court must now impose a sentence "sufficient, but not greater

than necessary" to fulfill the purposes of sentencing. See 18 U.S.C. §3553(a). In the post-

Booker era, rather than focusing only on the sentencing guidelines when imposing a sentence,

the trial court must impose a "reasonable" sentence that considers the factors set forth in 18

U.S.C §3553. Id. In Booker, the Supreme Court explained that the factors set forth in Section

3553(a) will guide the appellate courts "in determining whether a sentence imposed is

unreasonable." Id. at 261.[1]

## B.    Consideration of 18 U.S.C. §3553(a) factors

Section 3553(a) of Title 18 of the United States Code states:

3553. Imposition of a sentence

(a) Factors to be considered in imposing a sentence. The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider

---

[1] After Booker, the Supreme Court emphasized that "[o]ur cases do not allow a sentencing court to presume that a sentence within the applicable Guidelines is reasonable." See e.g. Nelson v. U.S., 129 S.Ct. 890, 891 (U.S. 2009).

(1)    the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)    the need for the sentence imposed

    (A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B)    to afford adequate deterrence to criminal conduct;

    (C)    to protect the public from further crimes of the defendant; and

    (D)    to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)    the kinds of sentences available;

(4)    the kinds of sentence and the sentencing range established for

    (A)    the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines-

        (i)    issued by the Sentencing Commission . . .

As set forth below, Mr. Evans respectfully requests that the Court exercise its broad discretion and sentence him to time served both for the instant offense and the pending Supervised Release violations. It is respectfully submitted that the amount of his current incarnation would be "sufficient, but not greater than necessary," to fulfill the purposes of sentencing. See 18 U.S.C. §3553(a). As set forth below, such a sentence is warranted due to (1) nature and circumstances of the offense, (2) the fact that the calculated criminal history over-represents the seriousness of Mr. Evans' prior crimes, and (3) Mr. Evans' plea and acceptance of responsibility.

1.      **18 U.S.C. § 3553(a)(1): Nature and circumstances of the offense, and the characteristics of the defendant**

In determining an appropriate sentence for Mr. Evans, this Court should consider the nature of the offense and the characteristics of Mr. Evans. As will be shown at sentencing, the characteristics of Mr. Evans outweigh the nature and circumstances of the instant offense.

2.      **18 U.S.C. §3553 (a)(2): the need for the sentence imposed**

Mr. Evans acknowledges that he committed a very serious offense. However, the "totality of the circumstances" of this case weigh heavily in favor of leniency of Mr. Evans. Mr. Evans has already served in excess of 30 months.

3.      **18 U.S.C. §3553(3): the kinds of sentences available**

Mr. Evans understands that incarceration was warranted for his crime but respectfully submits that a sentence of time served will fulfil this sentencing factor.

4.      **18 U.S.C. §3553 (4): the kinds of sentence and the sentencing range established**

The guideline range as set forth at ¶65 of the Presentence report is 15 to 21 months based upon a total offense level of 8 and a criminal history of V is 15 to 21 months. Mr. Evans has already been held in excess of 30 months both for this instant offense and the Supervised Release violations. This is "sufficient, but not greater than necessary" to comply with the purposes of sentencing when considering the 18 U.S.C. 3553(a) factors.

In the case at bar, Mr. Evans has pled guilty to an offense involving $6,496.31.

5.      **Mr. Evans' plea and acceptance of responsibility merits a sentence at the low end of the calculated guideline range**

Mr. Evans pled guilty, and while attorneys may view this as a simple, straightforward act, Mr. Evans waived three important rights at trial through his plea: the right against self-incrimination, the right to a trial of the facts before a jury, and the right to confront the witnesses

against him and to call witnesses on his behalf.  The nature of this plea also severely limits his rights upon appeal.  Finally, Mr. Evans made timely notification of his intent to plead guilty enabling the government and judiciary to conserve important resources.  He has cooperated with the government at every stage of these proceedings and readily confessed to the agents when confronted.  He also brought to their attention his prior activities.  We ask that the Court consider these factors when developing an appropriate sentence and consider the sentencing information from his prior proceedings.

## IV.    CONCLUSION

Based on the foregoing, Mr. Evans respectfully requests that this Honorable Court to sentence Mr. Evans to a sentence of time served of 30 months or at the low end of the guideline range based upon the principles of fundamental fairness, the advisory nature of the U.S. Sentencing Guidelines in light of U.S. v. Booker, the §3553 factors, and Mr. Evans' acceptance of responsibility and the other factors involving Mr. Evans which will be developed at sentencing.

Respectfully submitted,

Spilman, Thomas and Battle, PLLC

By:        */s/ Robert R. Leight*
           Robert R. Leight, Esquire
           3440 One Oxford Centre
           301 Grant Street
           Pittsburgh, PA 15219
           Phone:  (412) 325-3306
           *Counsel for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the within pleading has been served upon the following counsel of record by CM/ECF Notification.

Shaun Sweeney, Esquire
Assistant U.S. Attorney
700 Grant Street, Suite 4000
Pittsburgh, PA 15219

Gregory Mallucci, Esquire
Assistant U.S. Attorney
700 Grant Street, Suite 4000
Pittsburgh, PA 15219

Spilman, Thomas and Battle, PLLC

By:        */s/ Robert R. Leight*
            Robert R. Leight, Esquire
            *Counsel for Defendant*